_JjBROWN, C.J.
On July 17, 2001, Peter Young was seriously injured in a vehicular accident in Beckville, Texas. Young was airlifted to the LSU Medical Center in Shreveport, Louisiana. He suffered a ruptured aorta, went into cardiac arrest, and was in a comatose state until his death 14 months later. In August 2001, Young was transferred from LSU Medical Center to .Life-care Hospital, Inc. (“Lifecare”), a long-term acute care provider located in Shreveport, Louisiana, where he was cared for until November 2001.
At the time of the accident, Young was working within the course and scope of his employment with Beck Oil Field Construction, Inc., and was covered under the Texas Workers’ Compensation Act. Texas Mutual Insurance Company (“Texas Mutual”) provided workers’ compensation coverage to Young. Monthly bills were sent by Lifecare to Texas Mutual. Claiming the amount charged was excessive, Texas Mutual paid what it concluded was the appropriate amount. Lifecare’s total charges were $225,752.55; of this amount, Texas Mutual paid $125,969.
After Young’s death, Lifecare filed this action in district court in Bossier Parish against Sandra Young, the wife of Peter Young, for the unpaid balance of $99,783.55.[1] The instant case suit was instituted against Sandra Young as the surviving spouse in the community and as guarantor of the hospital bill. Sandra Young filed a third party demand against Texas Mutual. Both Lifecare and Sandra Young filed motions for summary judgment. Texas Mutual and Young filed exceptions to the jurisdiction of |gthe state court asserting that the Texas Workers’ Compensation Commission (“TWCC”) had exclusive jurisdiction to decide this dispute.
The trial court dismissed the case for lack of subject matter jurisdiction. Life-care appealed. Sandra Young appealed the dismissal of her third party claim against Texas Mutual, in the event that this court reversed the trial court. We affirm the trial court’s dismissal based on lack of subject matter jurisdiction.

Procedural Background

Texas Mutual was created by the Texas legislature to guarantee the availability of affordable workers’ compensation insurance. Essentially, it became the insurance provider of last resort. It was the insurer of Peter Young’s employer and without question recognized coverage for the injuries he received. Lifecare received preau-thorization from Texas Mutual for services it was to render to Young. Texas Mutual paid most of Lifecare’s charges but refused to pay all of the medical expenses based upon Texas Mutual’s interpretation of the rules and guidelines promulgated by the TWCC. The dispute centered on *637 whether Lifecare was providing long term or acute care. Texas Mutual claimed that Lifecare exceeded the statutorily allowed per diem rate.
Lifecare commenced a Request for Medical Dispute Resolution in the Medical Review Division of the TWCC. During the course of these proceedings, Peter and Sandra Young settled a third party personal injury claim filed in the U.S. district court in Marshall, Texas. Texas Mutual had intervened in that action. Texas Mutual sought to and did recover in |3subrogation those amounts of workers’ compensation benefits, including medical expenses, paid to or on behalf of Peter Young. The settlement provided Texas Mutual with reimbursement for past medical expenses through July 2002 and required Texas Mutual to pay for all future medical expenses. Texas Mutual did pay all medical benefits until Peter Young’s death a month later on September 9, 2002.
After finalizing the settlement, Texas Mutual contacted the TWCC and claimed that the Youngs’ third party settlement relieved Texas Mutual from further payments of workers’ compensation benefits, including medical expenses. Consequently, TWCC dismissed the case citing Section 417.002 of the Texas Labor Code, which states:
(a) The net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury.
(b) Any amount recovered that exceeds the amount of the reimbursement required under Subsection (a) shall be treated as an advance against future benefits, including medical benefits, that the claimant is entitled to receive under this subtitle.
(c)If the advance under Subsection (b) is adequate to cover all future benefits, the insurance carrier is not required to resume the payment of benefits. If the advance is insufficient, the insurance carrier shall resume the payment of benefits when the advance is exhausted.
The TWCC made no ruling on the issue of Lifecare’s disputed medical expenses. Lifecare did not file an appeal. Instead, Lifecare filed this suit in Louisiana state court against Sandra Young. Lifecare’s claim was based on the theory that Sandra Young signed a contract agreeing to Lpay for Peter Young’s medical expenses.[2] Life-care also alleged that they were entitled to recover those medical expenses incurred by Peter Young from the assets of the former community now owned by Sandra Young.

Discussion

Under the Texas Labor Code, a health care provider may pursue a private claim against a workers’ compensation claimant to recover medical expenses only under two limited circumstances. Texas Labor Code Ann. § 413.042, states:
(a) A health care provider may not pursue a private claim against a worker’s compensation claimant for all or part of the cost of a health care service provided to the claimant by the provider unless:
(1) the injury is finally adjudicated not compensable under this subtitle; or
*638 (2) the employee violates the Section 408.022 relating to the selection of a doctor and the doctor did not know of the violation at the time the services were rendered.
Clearly Peter Young’s injuries were com-pensable. The crux of this case is a medical fee dispute between Lifecare and Texas Mutual as to the amount reimbursable to a health care provider under Texas law. Neither Peter nor Sandra Young had knowledge of or participated in this dispute.
Lifecare cannot charge more than allowed under the regulations. Thus, the question is whether Texas Mutual paid the requisite amount. Such a determination is exclusively within the province of the TWCC. In Howell v. Texas Workers’ Compensation Commission, 143 S.W.3d 416, 438 (TexApp.-Austin 2004), the appellate court stated:
Because the statutory scheme demonstrates that the legislature has granted to the [Texas Workers’ Compensation] Commission the sole authority to make the initial determination in a medical fee or medical necessity dispute, we hold that the Commission has exclusive jurisdiction over these disputes. Accordingly, [a health care provider] must first exhaust the administrative remedies provided for within the Commission’s regulatory scheme before seeking to resolve a medical fee or medical necessity dispute in a court. (Citations omitted).
Lifecare argues that it is not required to exhaust administrative remedies when it agrees with the TWCC’s findings; however, the TWCC has never addressed the medical fee dispute. As noted above, a dispute regarding the amount a medical provider may charge is controlled by the Texas Workers’ Compensation Act and falls under the exclusive jurisdiction of the TWCC. As such, Louisiana courts have no subject matter jurisdiction.

Conclusion

For the foregoing reasons, we find no error in the trial court’s judgment dismissing the claims of Lifecare and Sandra Young due to lack of subject matter jurisdiction.
AFFIRMED.
DREW, J., concurs.

. Lifecare first filed suit against Texas Mutual in federal court in the Western District of Louisiana. After reconsidering, Lifecare dismissed that action without prejudice and then filed this state court action.

. Upon Mr. Young's admittance to Lifecare, Sandra Young signed an admission form that states in part:
The undersigned agrees that in return for the services to be rendered to the patient, the undersigned hereby individually obligates himselfyherself to pay the account of the hospital in accordance with the regular rates and terms of the hospital.